United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK D. BAILEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-20143-ALL
--------------------

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roderick Bailey appeals the order of restitution and the special assessment imposed following his guilty plea to one misdemeanor count of filing a false statement to obtain federal employee's compensation benefits in violation of 18 U.S.C. § 1920. He asserts that the district court erred in imposing restitution in a lump-sum amount reflecting the total amount of compensation benefits received by Bailey when the bill of information charged only that on or about August 2, 1998, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed a false claim for which he received compensation benefits of less than $1000.  He also contends that the district court plainly erred in imposing a special assessment greater than the $25 mandated by statute for class A misdemeanor convictions.

The Government concedes error in the amount of restitution. See Hughey v. United States, 495 U.S. 411, 421 (1990); United States v. Hughey, 147 F.3d 423, 437-38 (5th Cir. 1998).  The Government concedes plain error in the amount of the special assessment.  See 18 U.S.C. § 3013(a)(1)(A)(iii); United States v. Olano, 507 U.S. 725, 731-37 (1993).

Because the sentence must be vacated and remanded for further proceedings on the amount of the restitution and for imposition of the correct special assessment, it is unnecessary to consider whether the district court erred in ordering a lump-sum restitution payment.

VACATED AND REMANDED.